Pease et al. v. Thompson.

PEASE ET AL. v. THOMPSON.

1. Contract for Work: SUBSTITUTE OF EMPLOYE BOUND BY. Where M. contracted to paint a house for a certain sum, and commenced the work, but abandoned it to P., who finished it, P. was bound by the terms of the original contract.

2. Mechanic's Lien: FORECLOSURE: IDENTIFICATION OF PROPERTY. Where the petition described the land on which the house on which the work was done was situated, and the answer admitted that defendant was the owner of the building on the land described in the petition, and the claim for a lien was offered and received in evidence, and the evidence all the way through showed that the work was done on defendant's house, held that it was error to refuse to establish a mechanic's lien, on the ground that there was no evidence that the labor was performed on the house and premises described in the petition, and on which plaintiffs claimed a lien.

Pease et al. v. Thompson.

*Appeal from Jasper Circuit Court.*

SATURDAY, SEPTEMBER 26.

THIS is an action in equity by which the plaintiff Pease seeks to establish a mechanic's lien upon the dwelling-house of the defendant for furnishing paint and painting the same. Pending the action, Pease assigned certain parts of the claim to the other plaintiffs, and the court rendered three separate judgments for the plaintiffs, but refused to establish the claim as a lien upon the building. Both parties appeal.

*D. Ryan* and *Cragan Bros.*, for plaintiffs.

*Winslow & Varnum*, for defendant.

ROTHROCK, J.—There is a conflict in the evidence as to the amount that was to be paid for painting the house. The plaintiff Pease claims that the painting was to be done and measured and paid for by the yard at the usual price. The defendant claims that the materials were to be furnished and the whole work done for $125. The contract was made between one Maul and the defendant. It appears that Maul was a painter in the employ of Pease, and Pease authorized him to make contracts for painting. Maul went to the defendant's house and made the contract without stating that he was acting for Pease. Maul commenced the work, and before it was completed, for some reason not disclosed in the evidence, abandoned the work and left that neighborhood. As some of the witnesses express it, he " ran away." Pease took up the work, and claims that he completed it.

*1. CONTRACT for work: substitute of employe bound by.*

We think that there is a fair preponderance of the evidence to the effect that Maul contracted to furnish the materials and do the work for $125. Pease was bound by this contract. It is conceded that the plaintiff has been paid $25. This leaves the sum of $100 and interest due to the plaintiffs,

Pease et al. v. Thompson.

provided the work was completed. The defendant complains that a large part of the painting was not done. Maul testifies that all the work was done that he contracted to do, and, in view of the acts of the defendant, and certain letters written by him on the subject, we incline to think that Pease finished the work that the contract called for. The judgment should be for $100, with interest at six per cent per annum from August 1, 1883. And, as this amount is less than the aggregate of the assignments of the claim from Pease to the other plaintiffs, judgment will be rendered in their favor in proportion to their respective claims.

II. The court refused to establish a mechanic's lien, as prayed, because there was no evidence that the labor was performed on the house and premises described in the petition, and on which plaintiff claims a lien. In this we think the court erred. The petition describes the land upon which the house is situated, and the defendant admits, in his answer, that he is the owner of the building "on the land described in plaintiffs' petition," and the claim for a lien was offered and received in evidence. The evidence all the way throught the trial shows that the painting was done on the defendant's dwelling-house. This evidence, when considered in connection with the pleadings, was sufficient to identify the building upon which the work was done. There should have been a decree establishing the claim as a lien. This disposition of the case leads to a reversal upon plaintiffs' appeal, and to a modification of the judgment on defendant's appeal, and, as both parties are crowned with partial success by their appeals, each will be required to pay one-half the costs in this court.

2. MECHAN-IC'S lien: foreclosure: identification of property.

REVERSED.